ANNA M. YENTZER, ADMINISTRATRIX AD PROSEQUEN-
DUM, PLAINTIFF, v. JOSEPH WIDRA, DEFENDANT.

Submitted May 16, 1930—Decided December 12, 1930.

Before Gummere, Chief Justice, and Justices Trenchard and Lloyd.

For the rule, *Joseph Varbalow* and *Palmer & Powell.*

*Contra, Howard Eastwood* (*Philip Wendkos,* on the brief).

Per Curiam.

This is plaintiff's rule to show cause why a verdict of $2,000 should not be set aside as inadequate.

Suit was bourght to recover damages under the Death act for the death of plaintiff's husband. It appears that in the evening of March 14th, 1929, plaintiff's intestate was about to cross Main street in Maple Shade, Burlington county, when he was struck by an automobile driven by the son of the defendant. Decedent was thrown to the roadway, was picked up unconscious, and lived in an unconscious condition for about one week and then died at the Cooper Hospital in Camden.

This rule to show cause why the verdict should not be set aside and a new trial granted with respect to damages only was granted, and there is thus raised the only question which has been argued.

We think that the verdict is inadequate.

The deceased left him surviving his widow and three children. The children were of full age and self-supporting, and this suit is for the benefit of the widow alone. Deceased for years prior to and at the time of his death owned and ran a feed and grain business, which business was prosperous in a small way, and the profits therefrom the husband devoted to the support of the family, consisting of himself and wife. The deceased was a man in good health. He gave to his wife $25 a week for the table, and that will be deemed to be a contribution for her food of $650 a year. In addition thereto the evidence shows that he paid her doctor bills and furnished her money for clothing and the like. We think that the evidence regarded in the light most favorable to the defendant showed that the wife suffered by her hus-

band's death a pecuniary loss of approximately $800 a year. Both husband and wife were sixty years old. At that age the expectancy of life was a little more than fourteen years.

In such circumstances we think that the verdict of $2,000 was inadequate. The rule to show cause will be made absolute to the end that a new trial be had limited to damages only.